# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KATHY HENDERSON,**<br><br>**Plaintiff,**<br><br>v.<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,** *et al.*,<br><br>**Defendants.** | **No. 1:24-cv-31 (RDM)**<br><br>**Hon. Randolph D. Moss** |

### PLAINTIFF KATHY HENDERSON'S OPPOSITION TO DEFENDANT MEDSTAR WASHINGTON HOSPITAL CENTER'S MOTION TO DISMISS

Plaintiff Kathy Henderson ("Ms. Henderson" or "Henderson") states as follows in Opposition to Defendant Medstar Washington Metropolitan Hospital's ("WHC") Motion to Dismiss.

### PRELIMINARY STATEMENT

Henderson commenced this legal action without legal representation, submitting her complaint *pro se*. Following this, undersigned counsel was engaged. Accordingly, if the Court is inclined to grant WHC's motion as to Ms. Henderson's negligence claims, Ms. Henderson requests leave to amend the complaint.[1] Ms. Henderson concedes her assault claim is time-barred; however, her negligence claims are viable.

WHC's motion to dismiss incorrectly characterizes Ms. Henderson's claim as one of

---

[1] If Ms. Henderson is granted leave to amend her complaint, she will add a claim for violation of her civil rights, pursuant to 42 U.S.C. 2000(e) *et seq*.

medical malpractice, which it is not. Ms. Henderson was not treated at WHC. She is not complaining that her failure to be treated was due to a medical mistake. Her claim has nothing to do with the standard of care applicable to emergency medical treatment of assault victims. It does not involve medical treatment, diagnosis, or any similar act or omission. She complains she was negligently thrown out of the hospital without any legitimate reason by an unsupervised employee. Her claim would be no different if she had been at a public library. Thus, prior notice to WHC was never required.

## STANDARD OF REVIEW

Rule 12(b)(6) allows for dismissal for "failure to state a claim upon which relief can be granted." The Rule is designed to test solely the legal sufficiency of the complaint. *American Ins. Co. v. Smith,* 472 A.2d 872, 873–74 (D.C.1984). A complaint may not be dismissed under Rule 12(b)(6) unless it appears that a plaintiff can prove no facts in support of the claim which would entitle the plaintiff to relief. *Johnson–EL v. District of Columbia,* 579 A.2d 163, 166 (D.C.1990) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); accord *Vickey Bagley Realty, Inc. v. Laufer,* 482 A.2d 359, 363 (D.C.1984). When considering a motion under this rule, the court must construe the complaint in the light most favorable to the plaintiff, assuming for purposes of the motion that the allegations of the complaint are true. *Vincent v. Anderson,* 621 A.2d 367 (D.C. 1993).

## ARGUMENT

**A. Henderson's *Pro Se* Complaint States a Claim for Simple Negligence**.

In her complaint, Henderson alleges, *inter alia*, that WHC showed "indifference, negligence, and unjustifiable denial of medical treatment at a public hospital." Compl. ¶ 7.

Further, she states that she "sustained injuries as a direct result of . . . negligence." *Id.* Despite WHC's portrayal, Ms. Henderson asserts a simple negligence claim, which, in accordance with the requirements for prima facie claim, must include allegations that the defendant owed a duty to act or refrain from acting, breached this duty, resulting in injury to the plaintiff that was proximately caused by the breach. *See Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 793 (D.C.2011). Henderson's *pro s*e complaint states a claim for negligence. WHC, a public institution designed to serve DC residents, owed Ms. Henerson a legal duty. This duty was breached through, *inter alia*, its negligent failure to adequately train and supervise employee B. Dzieketey, resulting in neglect, assault, and subsequent injuries sustained by Ms. Henderson, as detailed in paragraph 5 of the complaint. Compl. ¶¶ 5, 6.

### B. Courts Construe *Pro Se* Complaints Liberally.

Courts in this jurisdiction are required to construe *pro se* pleadings liberally. *Flax v. Schertler*, 935 A.2d 1091, 1100 (D.C. 2007). In *Reade v. Saradji* (994 A.2d 368, D.C. 2010), the court overturned the dismissal of a *pro se* litigant's complaint due to ineffective service of process, granting the litigant an opportunity to correct the service. Similarly, in *Wright v. Office of Wage Hour,* (301 A.3d 660, D.C. 2023), the court permitted a case to proceed despite improper or late service, attributing the failure to serve to the plaintiff's *pro se* status and determining that no prejudice resulted from the delay.

Moreover, DC Courts have often allowed *pro se* plaintiffs to amend their complaints, particularly in the interest of justice and ensuring that cases are adjudicated on their merits rather than due to formalities. This approach is consistent with the DC courts' jurisprudential preference for adjudicating cases on their merits rather than based on formalities. *See Uzoukwu*

*v. Metropolitan Washington Council of Governments,* 983 F. Supp. 2d 67 (D.D.C. 2013), the court allowed a *pro se* plaintiff to amend her complaint despite her knowledge of court proceedings and substantive civil procedure laws, emphasizing the significance of adjudicating cases on their merits. Similarly, in *Oladokun v. Correctional Treatment Facility*, 5 F. Supp. 3d 7 (D.D.C. 2013), the court construed a *pro se* plaintiff's claims liberally and permitted him to amend his complaint.

### C. Contrary To WHC's Argument, Henderson's Complaint Does Not Allege Medical Malpractice.

Here, there was no physician-patient relationship established since WHC refused to provide Ms. Henderson with any care. *See Newmyer v. Sidwell Friends Sch.*, 128 A.3d 1023 (D.C. 2015) (quoting *Hankerson v. Thomas*, 148 A.2d 583, 584 (D.C. 1959) (A physician-patient relationship depends on mutual consent—"the physician's acceptance of the patient and the [patient]'s assent to the medical services."). Contrary to WHC's assertions, the *pro se* Complaint asserts that WHC neglected to provide any treatment to Ms. Henderson, including claims of negligent training and supervision of its employees, resulting in her suffering damages.

This aligns with the precedent set in *Johnson–El v. District of Columbia,* 579 A.2d*, supra,* wherein an inmate's plea for essential medical care for a scalp condition was denied. In *Johnson-El*, the Appellate Court recognized three distinct claims within the inmate's broadly interpreted complaint: simple negligence, intentional tort, and a tort claim under the Eighth Amendment. *Id.* Specifically, the inmate alleged that prison officials either delayed or denied crucial medical attention for a scalp ailment, a claim the Court construed as constituting simple negligence. *Id.* Although the Superior Court dismissed the complaint, citing failure to provide written notice of injury to the mayor of the District of Columbia within the statutory six-month window and

failure to state a valid claim, the Court of Appeals reversed. It reasoned that the inmate's complaint, when broadly construed, encompassed three actionable claims: simple negligence, intentional tort, and a tort claim grounded in Eighth Amendment violations due to deliberate indifference towards the inmate's medical needs. *Id.* at 166.

Ms. Henderson's claim is at least as viable, even without prior notice to WHC, as was the plaintiff in *Johnson-El.* As there, she came to WHC for medical treatment, but never received any due to the negligent actions of the hospital's employee. Her claim is for simple negligence.

### D. In The Alternative, If the Court Considers Henderson's Complaint as Asserting a Medical Malpractice Claim, It Should Permit Her To Provide Notice Without Causing Her Negligence Claim To Become Time-Barred.

As set forth in her Complaint, Ms. Henderson filed her case exactly three years after the claims arose. WHC is correct in asserting that D.C. Code § 16-2802(a) mandates pre-filing notice under the Medical Malpractice Amendment Act when the complaint alleges medical malpractice. MTD, at 4,5.  As set forth above, Henderson asserts a valid claim for simple negligence. Courts typically construe *pro se* complaints liberally. In *Reade v. Saradji*, 994 A.2d 368 (D.C. 2010), the court reversed the dismissal of a *pro se* litigant's complaint for ineffective service of process, granting him an opportunity to perfect service. Similarly, in *Wright v. Office of Wage Hour*, 301 A.3d 660 (D.C. 2023), the court permitted a case to proceed despite improper or untimely service, attributing the failure to serve to the plaintiff's *pro se* status and finding no prejudice from the delay. In the instant case, the Court should permit Ms. Henderson to provide notice *nunc pro tunc* to a date before the filing date, rather than dismiss her case given the looming statute of limitations.

Alternatively, as noted above, the Court should give Ms. Henderson leave to amend her complaint Pursuant to Sup. Ct. (Civ.) R 15, which provides leave should be granted freely when justice so requires. J*ohnson v. Fairfax Vill. Condo. IV Unit Owners Ass'n*, 641 A.2d 495, 502 (D.C. 1994).

## **CONCLUSION**

For all of the foregoing reasons, Defendant WHC's motion to dismiss should be denied except as to Ms. Henderson's claim for assault**.** Alternatively, Ms. Henderson requests leave to amend her complaint.

March 28, 2024                                                                       Respectfully submitted,

*/s/ Steven M. Oster*
Steven M. Oster
D.C. Bar No. 376030
David Lawler
DC Bar No. 497379
**OSTER McBRIDE PLLC**
1320 19th Street, N.W., Suite 601
Washington, D.C. 20036
(202) 596-5291 (p)
(202) 747-5862 (f)
soster@ostermcbride.com

*Counsel to Plaintiff Kathy Henderson*

## CERTIFICATE OF SERVICE

I certify that the foregoing Consent Motion was filed using the Court's CM/ECF system and thereby served on counsel of record.

March 28, 2024                                         */s/ Steven M. Oster*
                                                      Steven M. Oster